HHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARNOLD G. PHILLIPS,

Plaintiff

v.

MICHAEL T. MCRAITH, individually and in his official capacity as Acting Secretary of the Illinois Department of Financial and Professional Regulation, DEAN MARTINEZ, Individually, and DANIEL E. BLUTHARDT, Individually and in his Official Capacity as Director of th Division of Professional Regulation of the Illinois Department of Financial and Professional Regulation.

Defendants.

No. 08 C 7309

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Arnold Phillips alleges that the Department of Financial and Professional Regulation erroneously listed him as having a suspended medical license. As a result of the listing, Phillips alleges that he incurred financial losses as patients who discovered the listing either left his practice or did not choose him to be their doctor. Phillips has sued the Department and several of its officials, seeking injunctive relief barring the Department from listing his license as having been suspended, damages under 42 U.S.C. § 1983, and a declaratory judgment. The Defendants move to dismiss.

In 1997, the Department filed a complaint against Phillips, alleging that he committed misconduct in his medical practice. Phillips and the Department settled the dispute, and the Department placed Phillips's medical license on probation for three years with several conditions. Two years later,

the Department filed another complaint against Phillips because he had not satisfied all of the conditions set forth in the settlement agreement to the 1997 complaint. Phillips did not answer or appear in the administrative hearings, which led eventually to the Medical Board recommending to suspend his license indefinitely.

Dr. Phillips moved for a rehearing of the suspension recommendation. In 2000, the then-acting Director of the Department denied the motion for rehearing, but stayed the order of suspension, allowing Phillips to provide evidence of compliance with the conditions of his probation. Phillips did provide evidence that he had complied with the conditions of the probation. Thus, the suspension never went into effect.

In 2006, however, the Department's website listed Phillips's license as having been suspended for one day, starting and ending on January 17, 2001 (which was the date by which the Department had required Phillips to submit evidence demonstrating compliance with the conditions of the probation). Phillips learned of the erroneous listing when an attorney attempted to use the 2001 single-day suspension as the basis for support of a motion to adjudicate his medical lien to zero. Until Phillips filed this lawsuit, the Department had refused to remove the erroneous listing.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federal right, privilege, or immunity by a person acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Here, Phillips argues that the erroneous listing on the Department's webpage deprived him of a property right in his medical license without due process. The Defendants, relying on *Paul v. Davis*, 424 U.S. 693 (1976), argue that the erroneous listing on the

[1]The Parties agree that the Department has since corrected its webpage and that therefore Count I of Phillips's Amended Complaint, which seeks injunctive relief, is moot.

Department's webpage amounts only to an injury to reputation and therefore does not deprive Phillips of a property interest.

Defendants' argument is not convincing. True, the Supreme Court has held that stigma alone does not establish the deprivation of a constitutionally protectable liberty interest and that, instead, a plaintiff must establish the alteration of a legal status. *Paul v. Davis*, 424 U.S. at 701-02, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). But here Phillips claims more than just alleged defamation. Two cases applying *Paul v. Davis* make the distinction clear.

In *Goulding v. Feinglass*, a tax lawyer sued the IRS, arguing that statements made by IRS agents deprived him of his right to practice law without due process. *Goulding v. Feinglass*, 811 F.2d 1099, 1100 (7th Cir. 1987). The plaintiff alleged that two IRS agents investigated several of his clients, made defamatory comments about him, questioned his competence as an attorney, and conspired to ruin his reputation as a lawyer and ultimately destroy his legal practice. *Id.* at 1101. The statements of the defendants in *Goulding* may have stigmatized the plaintiff and even made him less attractive to clients. *Id.* at 1103. Nonetheless, the plaintiff in *Goulding* never lost the right to practice law or had his license suspended or revoked, and his legal rights or status was not significantly altered. *Id.*

In *Fleury v. Clayton*, on the other hand, the professional discipline went further than mere statements made to clients. *Fleury v. Clayton*, 847 F.2d 1229, 1230 (7th Cir. 1988). In that case, the Illinois Department of Registration and Education censured a doctor. *Id.* at 1230. Although the censure did not limit the plaintiff's right to practice medicine, the court nonetheless concluded that denying him due process before imposing the censure did amount to a constitutional injury. *Fleury*, 847 F.2d at 1231-32. The court noted:

> There is no good reason to treat as a constitutional wrong every error in the administration of state discipline, and to the extent the state offers its residents full procedural safeguards backed up by judicial review there is no good reason to treat their omission in a particular instance as a constitutional error. Nonetheless, this conclusion - logical though it seems to us- is foreclosed by authority.

*Id.* at 1232.

Because Illinois establishes criteria for professional discipline it therefore creates a property interest in a blemish-free license. *Id.* Thus, the Due Process clause requires some kind of hearing before imposing the penalty of imposing a censure to be recorded on a professional's license, unless the interest in a blemish free professional license is *de minimus* (which, the court noted, it is not). *Id.* Unlike the defamatory comments of the sort encountered in *Goulding*, which express the view of the speaker alone, the formality of a censure is a "statement by a governmental entity" that has legal consequences. *Id.* at 1232-33.

Here, Phillips argues that the Department deprived him of a property interest in a blemish-free professional license without due process of law. According to Phillips, despite the fact that he complied with the terms of his probation and the Director's instructions staying the Medical Board's recommendation, the Department nonetheless suspended him for a single day and entered that suspension onto its website. Moreover, Phillips alleges that the Department afforded him no process before posting this inaccurate listing.

Defendants argue that Phillips has admitted that his "medical license was not actually suspended." Defendants, however, take Phillips's allegations out of context. Phillips alleges that the Department's website indicated for several years that it suspended his license for one day in 2001, even though it should not have done so. While Phillips does not allege that the Department ever attempted to enforce that suspension by shutting his office for that single day in 2001 or imposing consequences

upon him for having practiced medicine on that day, the fact remains that the Department adjusted the legal status of his medical license.

Defendants further argue that Phillips does not have an interest in a blemish-free medical license because his medical license was not blemish free. The Defendants point to the fact that the Department imposed a three-year probation and a $3,000 fine upon Phillips in 1997. This argument makes little sense. Phillips does not complain that the Department inaccurately reported the terms of his probation on its website. He complains that it reported that it had suspended him, when in fact, it had not. That is a blemish on Phillips's medical license regardless of the fact that he had been previously suspended. Finally, the Department suggests that the website "merely reflected a stayed suspension order, for which [Phillips] received all of the process he was due." That is, however, not an accurate statement of Phillips's allegations. Phillips does not allege that the website indicated that the suspension order was stayed. He alleges that it indicated that he was, in fact, suspended for a single day.

The Court holds that Phillips has alleged a deprivation of his property interest in a right to a blemish-free professional license without due process.

The Defendants next argue that Phillips has not sufficiently alleged their personal involvement. Section 1983 claims against state officials in their individual capacity cannot be based on *respondeat superior* or other forms of vicarious liability. *Minis v. Connaraceae*, — F.3d —, 2010 WL 668893, at * 7 (7th Cir. Feb. 26, 2010). Instead, the official must have some personal involvement in the conduct alleged to be unconstitutional. Phillips's Amended Complaint contains three paragraphs in which he alleges that McRaith, Martinez, and Bluthardt "did personally or through subordinates acting with [their] knowledge and consent" intentionally violate his property rights. *See Am. Compl.* ¶¶ 59, 61, 63.

Defendants argue that these allegations fall short of the standard set forth in the Supreme Court's recent decisions revising the federal pleading standard.

Under the new pleading regime set forth first in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined further by *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009), a plaintiff must allege sufficient facts to raise his right to relief above the speculative level. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Although legal conclusions may supply the framework of a complaint, the complaint must contain sufficient factual content to make these conclusions plausible. *Iqbal*, 129 S.Ct. at 1949-50. Legal conclusions that are not supported by any factual context are not entitled to a presumption of truth. *Id.* at 1950. In *Iqbal*, the Court held that the plaintiff had not nudged his allegations across the line from conceivable to plausible when all he had stated was that the Attorney General and the Director of the FBI "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement." *Id.* These allegations, the Court held, were but conclusory labels and insufficient to create a plausible entitlement to relief. *Id.*

Phillips's allegations here are just as conclusory as those in *Iqbal*. Phillips merely pleads the legal conclusion — that the officers of a state agency were personally involved — and offers no fact to make this legal conclusion anything but speculative. Accordingly, the Court holds that Phillips has not adequately pleaded the personal involvement of the individual Defendants and the Court GRANTS their Motion to Dismiss Count II of the Amended Complaint.[2]

[2] Because it hold that Phillips has not adequately pleaded his § 1983 claim, the Court need not address Defendants' claims that they are entitled to qualified immunity. Further, the Court notes that Phillips brought the § 1983 claim against the Defendants only in their individual capacities, and so the Court dismisses Count II in its entirety.

Finally, the Defendants argue that because its website has been corrected, Count III of the Amended Complaint, seeking a declaratory judgment, is moot. Phillips urges the Court to find that the erroneous listing falls within an exception to the mootness doctrine, namely that it is a matter capable of repetition yet evading review. Here, Phillips offers nothing more than a conclusory statement in his brief that "it is entirely reasonable to expect that Defendants will at some point in the future erroneously list [his] license as suspended again." The mere theoretical possibility, however, of a repeat violation is not sufficient to invoke the exception. *Wernsing v. Thompson*, 432 F.3d 732, 744-45 (7th Cir. 2005). As the party seeking equitable relief, Phillips bears the burden to demonstrate such relief is still required, and he has not met it. *See id.* The Department has corrected the erroneous listing, and consequently Count III is moot.

Because Counts I and III are moot and because Phillips has not adequately pleaded Count II, the Court GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

3/3/10
Dated

Wm. J. Hibbler
Hon. William J. Hibbler
U.S. District Court